IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-108-D

GUY FERRANTE, and )
DEBORAH FERRANTE, )
 )
           Plaintiffs, )
 )
v. ) **ORDER**
 )
WESTIN ST. JOHN HOTEL CO., and )
VISTANA SIGNATURE VACATIONS )
 )
           Defendants. )

On August 2, 2018, Guy Ferrante and Deborah Ferrante (collectively, "plaintiffs") moved for default judgment against Westin St. John Hotel Co. ("Westin") and Vistana Signature Vacations ("Vistana") [D.E. 15].[1] On August 9, 2018, Westin responded in opposition [D.E. 16]. On August 16, 2018, plaintiffs replied [D.E. 17]. As explained below, the court denies plaintiffs' motion for default judgment.

Plaintiffs purchased three timeshare interests in properties owned by Westin and managed by Vistana on the island of St. John in the United States Virgin Islands. See [D.E. 1] ¶¶ 6–8. Plaintiffs financed the purchases with purchase loans from defendants. See id. ¶¶ 9, 18, 20–22. The purchase agreements required plaintiffs to pay "annual maintenance fees." Id. ¶ 9, 11. Plaintiffs allege that, in addition to the annual maintenance fees, defendants charged plaintiffs "point assessments." Id. ¶ 10. Plaintiffs contend that they never agreed to pay point assessments, and do not define point assessments in the complaint. See id. ¶¶ 12–17. Nonetheless, defendants required

---

[1] Plaintiffs initially referred to Vistana as "Vistana Signature Vacations." See [D.E. 1]. This defendant's legal name apparently is "Vistana Signature Experiences." See [D.E. 13] 1; [D.E. 13-1]; [D.E. 16] 1.

plaintiffs to pay separate maintenance fees and point assessments for each of their three properties. See id. ¶ 17. Plaintiffs refused to pay the point assessments.

In 2017, plaintiffs held one timeshare interest lien-free, but the remaining two interests still carried purchase loans. See id. ¶ 18.[2] Plaintiffs allege that defendants refused to allow plaintiffs access to the timeshare interests unless plaintiffs paid the outstanding maintenance fees and point assessments. See id. ¶ 19. Defendants offered plaintiffs a settlement agreement in which defendants would forgive plaintiffs' outstanding fees (totaling approximately $5,000) in exchange for plaintiffs renouncing any interest in the two timeshares with loan balances. See id. ¶ 23. Plaintiffs refused. Id. In October and November 2017, defendants cancelled plaintiffs' outstanding purchase loans without notifying plaintiffs. See id. ¶ 24. In 2018, plaintiffs learned that they no longer owned any interest in the two timeshares because defendants had foreclosed on their interests. See id. ¶ 26. As for the timeshare in which they hold an interest lien-free, plaintiffs allege that defendants barred them from accessing it and that defendants intend to foreclose on their interest. See id. ¶ 37.

On June 19, 2018, plaintiffs, proceeding pro se, filed a complaint against Westin and Vistana Signature Vacations. On the same day, the court issued summonses to Westin and Vistana Signature Vacations. Plaintiffs properly served process on Westin [D.E. 12]. Plaintiffs incorrectly identified Vistana's legal name and never properly served Vistana. See [D.E. 9] 1; [D.E. 16] 1 & n.1. On July 13, 2018, an attorney filed a notice of appearance on behalf of Westin and moved for an extension of time to file an answer [D.E. 7, 9, 10]. On the same day, the court granted Westin's consent motion and noted that Westin needed to file its answer by July 31, 2018 [D.E. 11].

On July 16, 2018, plaintiffs moved to amend their complaint to correct Vistana's name to "Vistana Signature Experiences" and to correct Vistana's agent. [D.E. 13]; see [D.E. 13-1]. On July

---

[2] Interest number one had a fair market value of $38,100 and an outstanding loan balance of $31,778.98. [D.E. 1] ¶ 21. Interest number two had a fair market value of $51,100 and an outstanding loan balance of $42,199.37. Id. ¶ 22.

2

23, 2018, the court granted plaintiffs' motion and noted plaintiffs needed to file the amended complaint no later than August 3, 2018 [D.E. 14]. On August 2, 2018, plaintiffs moved for default judgment [D.E. 15].

The court denies plaintiffs' motion for default judgment. First, plaintiffs have not received an entry of default. See Fed. R. Civ. P. 55(a). "After entry of default, and upon application by the non-defaulting party, the court may enter default judgment." Bayview Loan Servicing, LLC v. Locklear, No. 7:15-CV-220-D, 2017 WL 3080750, at *7 (E.D.N.C. July 18, 2017) (unpublished), appeal dismissed, 736 F. App'x 405 (4th Cir. 2018) (per curiam) (unpublished); see Calhoun v. Colvin, No. 5:13-CV-108-D, 2014 WL 4243784, at *5 (E.D.N.C. July 22, 2014) (unpublished); Boyer v. Adams, No. 5:11-CV-53-FL, 2012 WL 530003, at *1 (E.D.N.C. Feb. 17, 2012) (unpublished). Moreover, the court declines to direct entry of default. The policy underlying the Federal Rules of Civil Procedure favors trials on the merits. See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 n.3 (4th Cir. 2010) (collecting cases); United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982); Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974); Broglie v. Mackay-Smith, 75 F.R.D. 739, 742 (W.D. Va. 1977); Calhoun, 2014 WL 4243784, at *5. In addition, the Fourth Circuit disfavors default judgment. See, e.g., Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987).

Plaintiffs failed to file an amended complaint in accordance with the court's order. See [D.E. 14] ("Plaintiff's motion to file an amended complaint . . . is granted. The amended complaint is due no later than August 3, 2018." (emphasis added)). Under Rule 15(a)(3), referenced in the court's order, defendants were not required to file an answer until plaintiffs filed an amended complaint. See Fed. R. Civ. P. 15(a)(3). Because plaintiffs moved for default judgment one day before plaintiffs were required to file their amended complaint, defendants are not in default. Defendants must be given at least fourteen days to respond once plaintiffs file their amended complaint. See id.

3

Finally, plaintiffs have failed to present evidence that they served defendant Vistana Signature Experiences consistent with Rule 4 of the Federal Rules of Civil Procedure. See Carmichael v. Irwin Mortg. Corp., No. 5:14-CV-122-D, 2014 WL 7205099, at *4 (E.D.N.C. Dec. 17, 2014) (unpublished); Deo v. N.C. Dep't of Env't & Nat. Res., No. 5:13-CV-323-D, 2014 WL 3738448, at *1 (E.D.N.C. July 29, 2014) (unpublished). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir.1998). Rule 4(a)(1)(B) requires that a summons "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). Because plaintiffs incorrectly served "Vistana Signature Vacations," defendant Vistana has not been served in accordance with Rule 4. Although the court recognizes that it enjoys some discretion in enforcing Rule 4 when a party has actual notice, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir.1984); Pitts v. O'Geary, No. 5:13-CV-116-D, 2014 WL 229350, at *4 (E.D.N.C. Jan. 21, 2014) (unpublished).

In sum, the court DENIES plaintiffs' motion for default judgment [D.E. 15]. Plaintiffs shall file and serve their amended complaint on or before November 16, 2018. Defendants may plead in response to the amended complaint in accordance with Rule 15(a)(3). Once plaintiffs file their amended complaint, the clerk shall amend the docket to reflect Vistana's legal name, Vistana Signature Experiences.

SO ORDERED. This 30 day of October 2018.

JAMES C. DEVER III
United States District Judge

4