IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:18-CV-108-D

| | |
|---|---|
| GUY FERRANTE and DEBORAH FERRANTE, ) ) ) Plaintiffs, ) ) v. ) ) WESTIN ST. JOHN HOTEL CO. and ) VISTANA SIGNATURE EXPERIENCES, ) ) Defendants. ) | **ORDER** |

This case comes before the court on three motions: (1) a motion to compel (D.E. 35) by defendants Westin St. John Hotel Co. ("Westin") and Vistana Signature Experiences ("Vistana") (collectively "defendants"); (2) a motion for a protective order (D.E. 40) by plaintiffs Guy Ferrante and Deborah Ferrante (collectively "plaintiffs"); and (3) a motion by defendants to seal (D.E. 46). For the reasons set forth below, defendants' motion to compel will be allowed and plaintiffs' motion for protective order and defendants' motion to seal will be denied.

### I.   BACKGROUND

#### A.   Plaintiffs' Allegations and Claims

Plaintiffs, proceeding pro se, allege in their amended complaint as follows:

Plaintiffs purchased three timeshares at the Westin, located on St. John in the U.S. Virgin Islands, which were managed by Vistana. Am. Compl. (D.E. 19) ¶¶ 6-8. Defendants attempted to require them to pay annually for three sets of maintenance fees and points assessments for the timeshares although they never agreed to pay these fees and assessments. Id. ¶¶ 10, 15. As a result of this dispute, defendants formally denied plaintiffs access to all three timeshares notwithstanding

the fact that only two carried loans on them. *Id.* ¶¶ 18, 19. Defendants proposed a settlement to plaintiffs which would have required them to forfeit their accumulated equity in two of their time shares and plaintiffs rejected it. *Id.* ¶¶ 20, 23. Without notice to plaintiffs, defendants canceled the outstanding purchase loans and foreclosed on two of the timeshares in violation of Florida state law. *Id.* ¶¶ 24, 25, 38.

As relief, plaintiffs seek damages for the fair market value of the two timeshares on which defendants foreclosed. *Id.* at 5.[1] They also seek damages for the fair market value of their interest in the third timeshare on the grounds that defendants have prevented them from using it. *Id.* In addition, plaintiffs seek punitive damages, and all costs and fees associated with the litigation. *Id.* Defendants deny the material allegations in plaintiffs' amended complaint. *See* Ans. (D.E. 21).

**B.     Discovery Proceedings**

On 20 February 2019 defendants served on plaintiffs their first set of interrogatories, requests for production of documents, and requests for admission. Defs.' Disc. Reqs. (D.E. 36-2). On 18 March 2019, Guy Ferrante served responses to the interrogatories and requests for admission, but explained in a cover letter that he was not providing written responses to the 13 requests for production of documents or producing any documents in response to them. Guy Ferrante's Disc. Resps. (D.E. 36-3); Guy Ferrante's Ltr. (D.E. 39-3).

On 6 May 2019, in lieu of serving written discovery responses, Deborah Ferrante served on defendants a statement denying possession of any relevant information sought in defendants' discovery requests. Deborah Ferrante's Stmt. (D.E. 45-3)[2]. In her statement, she asserts:

---

[1] Throughout this Order, page citations to documents of record are to the page numbers assigned by the court's electronic filing system, CM/ECF, which in some, but not in all instances, are the same as the original page numbers.

[2] Although a copy of this statement was filed by plaintiffs at D.E. 40-1, this copy is unsigned. The court is therefore citing to the copy filed by defendants at D.E. 45-3 which does contain Deborah Ferrante's signature.

2

> My name appears as a Plaintiff in this matter because the properties involved are/were jointly titled in my name. I participated in the decisions to purchase the 3 properties that we once owned. I thoroughly enjoyed them while we owned them.
>
> But I played absolutely no role in any of the events leading up to, and culminating in, this lawsuit. I have no answers to provide. I had no communications with the defendants. I exchanged no correspondence with defendants. I have no documents to disclose. I have no information to convey. There is nothing for me to admit. I will sit through a deposition if required, but cannot imagine anything productive coming of the process.
>
> I do not deny knowing of the problems that my husband (Guy Ferrante) encountered when trying to get answers about the annual charges from the defendants. But I am not an attorney and may not even fully understand the bases of his position. To the extent that I might remember any details from years ago, though, it would amount to no more than a hazy repetition of what he told me then, and is telling you now.
>
> Please consider this my formal response to DEFENDANTS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS TO PLAINTIFFS.
>
> I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.
>
> Executed on May 4, 2019.

*Id.*

On 14 June 2019, defendants noticed Deborah Ferrante's deposition. Not. of Dep. (D.E. 40-3). In response to the deposition notice, plaintiffs filed their motion for a protective order, asking the court to prohibit defendants from taking her deposition. Plaintiffs contend that, as indicated in her statement, Deborah Ferrante does not possess any relevant information about the events leading up to the litigation and that a deposition is therefore unnecessary. In addition, they cite to a 21 June 2019 letter by a nurse practitioner treating Deborah Ferrante they filed stating that a deposition would not be helpful in Deborah Ferrante's recovery from specified health problems. Nurse Practitioner's Ltr. (D.E. 41).

The letter by Deborah Ferrante's nurse practitioner was filed by the Clerk's Office as a proposed sealed document because it appears to be a medical record.[3] *See* Local Civ. Rule 26.1(a)(1) (providing for the sealing of medical records pursuant to Local Civ. Rule 79.2). Defendants' motion to seal seeks the sealing of their memorandum in opposition to plaintiffs' motion for a protective order because it discusses the letter and defendants share the concern that it could be deemed a medical record. Plaintiffs oppose the motion to seal and argue that the letter is not a medical record and was not intended to be filed under seal.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other. *See generally* Fed. R. Civ. P. 26-37. The types of discovery include requests for production of documents, pursuant to Rule 34, and depositions by oral examination, pursuant to Rule 30. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("'[T]he party or person resisting discovery, not the party moving to compel

---

[3] Defendants assumed that plaintiffs filed the letter under seal. *See* Defs.' Seal Mot. ¶ 7.

4

discovery, bears the burden of persuasion.'" (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (*quoting Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

The court is also authorized to impose appropriate limitations on discovery. Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* (c)(1)(D). A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden. *Smith v. United Salt Co.*, No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. 9 Sept. 2009).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). It also requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is

5

allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## III. DEFENDANTS' MOTION TO COMPEL (D.E. 35)

Defendants move to compel plaintiffs to individually respond to each of defendants' document requests and produce all non-privileged documents in response to those requests. Plaintiffs argue that the 18 March 2019 cover letter and Deborah Ferrante's statement should suffice, and that defendants' motion is merely intended to harass and annoy them. The court disagrees.[4]

Rule 34 permits a party to request "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained" that is "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). The rule expressly requires a party to respond individually to each request for production of documents, as follows:

> (B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
>
> (C) *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(b)(2)(B), (C).

---

[4] With respect to defendants' motion to compel and the other motions subject to this Order, the court has considered all arguments espoused by the parties. The court addresses in this motion solely the arguments warranting discussion. Arguments not discussed are meritless for reasons comparable to those set out in this Order.

6

Plaintiffs' 18 March 2019 cover letter is not sufficient to comply with Rule 34, nor is Deborah Ferrante's 4 May 2019 statement. Plaintiffs' arguments justifying their position are without merit. Certainly, the court cannot compel the production of documents that do not exist, but it will not excuse plaintiffs from their obligation to make a reasonable effort to locate responsive documents in their possession, custody, or control and to provide defendants with the formal response required under the Rules of Civil Procedure. The court emphasizes that plaintiffs' status as pro se litigants does not exempt them from the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules, the orders of this court, or any other provisions of law that are otherwise applicable to them.

Accordingly, defendants' motion to compel these responses is ALLOWED. No later than 31 December 2019,[5] plaintiffs shall serve on defendants their responses to defendants' first set of requests for production of documents. The responses shall contain a response to each individual production request, otherwise meet the requirements of Rule 34(b)(2)(B)-(E), and be duly executed pursuant to Rule 26(g)(1). Immediately above their response to a particular request, plaintiffs shall set out the request to which the response relates.

Plaintiffs waived any objections to the production requests by their failure to respond timely to them. *See, e.g., Frontier-Kemper,* 246 F.R.D. at 528; *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.,* 200 F.R.D. 255, 258 (M.D.N.C. 2001). Nevertheless, the court will permit them to assert proper claims of privilege (including, *e.g.,* attorney-client privilege, work-product protection) in response to the production requests. This is the only objection plaintiffs may assert. To properly claim a privilege, plaintiffs must, in addition to expressly asserting it in response to the particular production request involved, serve with their discovery responses a privilege log in

---

[5] This deadline will allow 15 days for the taking of Deborah Ferrante's deposition prior to the close of discovery on 30 January 2020, pursuant to the court's 8 August 2019 Order (D.E. 63). *See* Section IV of this Order below

7

conformance with Rule 26(b)(5)(A). Any claim of privilege shall meet the requirements for the privilege asserted. Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed.

Plaintiffs shall serve with their responses all documents requested that are in their possession, custody, or control as to which they do not properly assert a privilege objection. They shall also include with their responses a declaration signed by both plaintiffs describing the efforts they undertook to locate documents responsive to the production requests.

Failure by plaintiffs to timely serve a proper response to the requests for production with the prescribed accompanying materials in accordance with this Order could result in the imposition of sanctions on them, including citation for contempt or dismissal of their claims.

### IV. PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER (D.E. 40)

As noted, plaintiffs' motion for protective order seeks to preclude defendants from deposing Deborah Ferrante on the grounds that she has no relevant information to provide and a deposition would not be helpful to her recovery from health problems. In light of these considerations, plaintiffs argue that a deposition of her is out of proportion to the needs of this case. The court disagrees.

Deborah Ferrante is a party to this case and, with Guy Ferrante, initiated this lawsuit against defendants. She may not insulate herself from the discovery process based on blanket denials of relevant information. Defendants are entitled to inquire about her knowledge and recollection of the allegations in the amended complaint, and any purported lack of relevant information is appropriate for defendants to explore during discovery. In her 4 May 2019 statement, Deborah Ferrante herself indicated a willingness to be deposed notwithstanding her purported lack of

relevant knowledge. She stated: "I will sit through a deposition if required, but cannot imagine anything productive coming of the process." Deborah Ferrante's Stmt. 2.

While the court has carefully considered Deborah Ferrante's health condition, the nurse practitioner's letter does not establish that the deposition would be so harmful to Deborah Ferrante as to justify a prohibition against it. Again, it states that the deposition would not be helpful to her recovery. Nurse Practitioner's Ltr. Moreover, defendants accommodated plaintiffs' request regarding the scheduling and location of the deposition. *See* Defs.' Mem. re Plfs.' Prot. Ord. Mot. (D.E. 45) 9; Email to Ferrantes (D.E. 45-6) 2. These factors should help minimize any negative effect of the deposition on Deborah Ferrante's health. In addition, if requested, the undersigned can make himself available during the deposition to ensure that any disputes arising during it can be promptly resolved.

Accordingly, subject to continued reasonable accommodation of plaintiffs regarding the location and scheduling of the deposition of Deborah Ferrante, plaintiffs' motion for a protective order is DENIED. The deposition of Deborah Ferrante shall be conducted by 15 January 2020.

## V. DEFENDANTS' MOTION TO SEAL (D.E. 46)

As to defendants' motion to seal, plaintiffs make clear that they never intended for the nurse practitioner's letter to be sealed. *See* Plfs.' Mem. re Defs.' Seal Mot. (D.E. 47) 1 ("[T]here was no need for anything to be sealed"); 5 (describing the sealing of the letter as "extraneous and unnecessary" and "neither required nor wanted"). As noted, defendants filed their motion to seal out of an abundance of caution because the letter appeared to be a medical record entitled to confidentiality and their memorandum discussed it. Because plaintiffs do not seek protection of the confidentiality of the letter that sealing defendants' memorandum would provide, defendants' motion to seal is DENIED. For the same reason, the letter itself does not merit continued sealing.

9

Accordingly, defendants' memorandum (D.E. 45) and the nurse practitioner's letter (D.E. 41) shall be permanently unsealed.

**VI. CONCLUSION**

In sum, IT IS ORDERED as follows:

1. Defendants' motion to compel (D.E. 35) is ALLOWED.

2. Plaintiffs' motion for a protective order (D.E. 40) is DENIED.

3. Defendants' motion to seal (D.E. 46) is DENIED. Docket Entries 41 and 45 shall be unsealed.

4. Because the circumstances presented would make an award of expenses unjust, the parties shall bear their own expenses incurred on the motions.

SO ORDERED, this 16th day of December 2019.

James E. Gates
United States Magistrate Judge